|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 1/3/2023 |

VICTORIA DICKS, *on behalf of herself and all others similarly situated*,

                       Plaintiff,

              v.

SERENA & LILY, INC.,

                       Defendant.

22-cv-7213 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Victoria Dicks, a legally blind individual, brings this action against Defendant, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and related state and local law. For the reasons set forth below, the Court dismisses this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

    On August 24, 2022, Plaintiff filed a complaint, and on August 25, 2022, electronic summons was issued as to Defendant. *See* Dkts. 1, 4. On September 2, 2022, the Court ordered that, within thirty (30) days of service of the summons, the parties must meet and confer in a good faith effort to settle the action; to the extent that the parties were unable to settle the matter, the Court ordered that they must discuss whether they would consent to conducting further proceedings before a Magistrate Judge or with the court-annexed Mediation Program. *See* Dkt. 5. The parties were further ordered to submit a joint letter within fifteen (15) additional days—*i.e.* within forty-five (45) days of service of the summons and complaint. *See id.* Forty-five days after that order, on October 17, 2022, the parties had not submitted a joint letter.

On November 1, 2022, the Court therefore ordered that the parties shall submit their joint letter no later than November 8, 2022, explicitly warning that "[f]ailure to do so may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)." Dkt. 6. As of today's date, no letter has been submitted.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiffs' non-compliance is significant: Plaintiffs have not communicated with the Court in the more than four months that this case has been pending, and more than two

2

months have passed since their response to the Court's September 2, 2022 order was due. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10 Civ. 5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. & R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiffs were on notice that their failure to comply would result in dismissal: the Court's November 1, 2022 order explicitly warned Plaintiffs that this action may be dismissed if they failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiffs have been given an opportunity to be heard. Fourth, this case has been pending for more than four months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that non-compliance warrants dismissal.

Because this action has not substantially burdened the Court's docket, however, as the Court has not yet decided any substantive motions, presided over any discovery, or scheduled trial, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this action. *Baptiste*, 768 F.3d at 216. Moreover, given that the Defendant here has

3

failed to appear, the Court cannot conclude that Defendant would suffer prejudice if this litigation were allowed to continue. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Accordingly, the Court finds that dismissal without prejudice is the appropriate sanction here. *See, e.g., Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with not activity") (cleaned up).

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: January 3, 2023
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge